IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM RALPH MCGOWAN and | ) | Case No. 10-35320 ABC |
| MICHELLE LYNN MCGOWAN, | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| JAMES WISSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 11-1364 ABC |
| | ) | |
| WILLIAM RALPH MCGOWAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter comes before the Court on the Motion for Judgment on the Pleadings, filed by Plaintiff James Wissinger ("Plaintiff") [Docket #17] and the Response filed by Defendant/Debtor William McGowan ("Defendant") [Docket #25]. The Court, having considered the foregoing, and the file in this matter, finds as follows:

### Background

In 2009, Plaintiff sued Defendant and his former business associate, Lars David Galyan ("Galyan"), in state court in Florida, for various claims resulting from the alleged failure of Galyan and Defendant to perform a contract to construct a swimming pool for Plaintiff. Plaintiff obtained a judgment against Defendant and Galyan, jointly and severally, in the amount of $78,232.56. Plaintiff attached a copy of this Florida judgment ("Judgment") to his Amended Complaint in this adversary proceeding. The Judgment contains findings of fact, including that "Galyan and Debtor, jointly and severally, misappropriated [$28,000 of] Plaintiff's funds to [their] own use, with . . . felonious intent." The court found that Plaintiff suffered damages in the amount of $26,077.52 (Plaintiff's down payment of $28,000, less the amount Plaintiff saved by hiring others to complete the pool) and trebled this amount pursuant to the Florida's civil theft and unfair trade practices statutes. Defendant filed his Chapter 7 bankruptcy on October 5, 2010. Plaintiff filed this adversary proceeding for a determination that the debt represented by the Judgment is non-dischargeable under 11 U.S.C. § 523(a)(2), (4), and/or (6).

In his Answer in this adversary proceeding, Defendant asserts that he terminated his

business relationship with Galyan prior to Galyan's contract with Plaintiff, that Defendant had no knowledge of the contract for Plaintiff's pool, that Galyan forged Defendant's signature on the application for a building permit for the pool, and that Galyan had no authority to use Defendant's contractor's license to conduct business. Defendant states that he left the contracting business to join the Army and that he was on active duty at all times prior to, during, and after the Florida lawsuit that resulted in the Judgment.

Plaintiff's Motion for Judgment on the Pleadings is based on the collateral estoppel effect of the Judgment. Plaintiff contends that Defendant's answer "does not contradict any material assertions of fact or law contained in Plaintiff's Complaint or Amended Complaint, nor does it raise a dispute as to any factual issue on which Plaintiff's claims are based." Defendant's Response asserts that the Judgment was obtained in violation of the Servicemembers' Civil Relief Act, 50 App. U.S.C.A. § 501, *et. seq*. ("SCRA"), and that the doctrine of collateral estoppel should not apply because: (1) the issues decided by the Florida court are not identical with those in this adversary proceeding; (2) the issues upon which Plaintiff's Complaint are based were not actually litigated in the Florida case; and (3) the issues upon which Plaintiff's Complaint is based were not a critical and necessary part of the Judgment.

## Discussion

In determining whether to grant a motion for judgement on the pleadings, the court must accept as true all the well-pleaded allegations in the pleadings, and construe them in the light most favorable to the non-moving party. See, *E.E.O.C. v. W.H. Braum, Inc*., 347 F.3d 1192, 1195 (10th Cir. 2003).

Plaintiff asserts that the Judgment demonstrates that all of the elements of his claims for non-dischargeability under § 523(a)(2), (4), and (6) were actually determined in the Florida litigation, and that collateral estoppel precludes Defendant from relitigating those issues in this adversary proceeding. Generally, collateral estoppel precludes parties to a previous action from relitigating issues of fact or law actually litigated and determined by a valid and final judgment. RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)("Restatement"). In *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991), the Supreme Court made clear that, in determining the dischargeability of a creditor's claim, a bankruptcy court may properly give collateral estoppel effect to those elements of a claim of non-dischargeability that are identical to elements which were actually litigated and determined in a prior action. 498 U.S. at 284. While collateral estoppel may bar a bankruptcy court from relitigating factual issues previously decided in state court, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its jurisdiction. *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir. 1987).

Rules for application of preclusion principles are determined by the law of the forum in which the prior judgment was rendered. *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1332 (1985). Thus, a judgment is afforded the same preclusive effect in a subsequent action brought in a different forum that it would be afforded if the latter action were brought in the original forum. Under *Marrese*, the law of the forum in

which the prior judgment was rendered must be applied to determine the preclusive effect of the judgment. 470 U.S. at 380. In this case, Florida law applies.

The essential elements of collateral estoppel under Florida law are "that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.,* 945 So.2d 1216, 1235 (Fla.2006) (quotation marks omitted); *see also Dep't of Health & Rehabilitative Servs. v. B.J.M.,* 656 So.2d 906, 910 (Fla.1995); *Mobil Oil Corp. v. Shevin,* 354 So.2d 372, 374 (Fla.1977). Under Florida law, an issue may be "fully litigated," even if it is determined on a default judgment where the defendant fails to appear or participate. *Lasky v. Itzler (In re Itzler)*, 247 B.R. 546, 553 (Bankr. S.D. Fla. 2000).

Florida law recognizes a "manifest injustice" exception to the doctrine of collateral estoppel, however, and Florida courts will not invoke collateral estoppel "to bar relief where its application would result in a manifest injustice." *State v. McBride*, 848 So.2d 287, 291-92 (Fla. 2003); *See also, Hartnett v. Mustelier (In re Hartnett)*, 330 B.R. 823, 831 (Bankr. S.D. Fla. 2005). In the *McBride* case, the Florida Supreme Court acknowledged that "manifest injustice" exception had previously been held to apply in cases involving *res judicata* and law of the case and reasoned that it should apply equally to the doctrine of collateral estoppel. Florida courts have applied the "manifest injustice" exception in various situations where the fairness of the original litigation is called into question, including cases where the prior decision was rendered during a time when the party against whom preclusion was sought was incompetent, and participated in the prior suit without a representation by a guardian. *See, e.g. Artigas v. Winn Dixie Stores, Inc.,* 622 So.2d. 1346, 1348 (Fla. App. 1 Dist. 1993). Similarly, § 28(5)(c) of the Restatement recognizes that collateral estoppel should not be applied when 'the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action."

Upon the pleadings before the Court, it is undisputed that Defendant was on active duty in the military service before, during, and after the litigation that resulted in the Judgment and that Defendant did not answer or otherwise appear in the Florida litigation.[1] In such a situation, no judgment should have entered against Defendant unless and until the Florida court appointed an attorney to represent him. 50 App. U.S.C.A. § 521(b)(2).

Granting collateral estoppel effect to a judgment obtained in violation of SCRA would essentially place the purposes served by preclusion law – to promote finality, economy,

---

[1] It is also apparent from the Judgment that the Florida court did not consider the effect of Defendant's military service or the provisions of SCRA in entering the Judgment. Thus, this Court need not consider whether an incorrect determination of Defendant's military status or of his rights under the SCRA in the prior case would itself be binding in this case under the principals of preclusion.

consistency, and comity in the judicial process, see, *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 n.6, 102 S.Ct. 1883, 1889 n.6 (1982) – above the goals of SCRA – "to provide for, strengthen, and expedite the national defense" by enabling servicemembers "to devote their entire energy to the defense needs of the Nation." 50 App. U.S.C.A. § 502(1). Application of the manifest injustice exception in this instance achieves the appropriate balance between these two competing policies by ensuring that the purposes of SCRA are paramount. As the Florida Supreme Court stated when addressing the role of preclusion law,

> The basic principle upon which the doctrine of res judicata rests is that there should be an end of litigation and that *in the interest of the State* every justiciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation . . . . Nevertheless, when a choice must be made we apprehend that the State, as well as the courts, is more interested in the fair and proper administration of justice than in rigidly applying a fiction of the law designed to terminate litigation.

*Universal Const. Co. v. City of Fort Lauderdale*, 68 So.2d 366, 369 (Fla. 1953)(italics in original)(citation omitted).

## Conclusion

Under the circumstances of this case, and applying principles of Florida preclusion law, the Court determines that the Judgment should not be given collateral estoppel effect in this adversary proceeding, for to do so would be to allow a manifest injustice to occur by subverting the purposes of SCRA. Defendant should be allowed an opportunity to present his defense to Plaintiff's claims.

It is accordingly,

ORDERED that Plaintiff's Motion for Judgment on the Pleadings is denied.

DATED: February 16, 2012    BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge